[S. F. No. 14482. In Bank.—December 1, 1933.]

MAURICE E. ARON, Respondent, v. LEONARD LEAVY, as Controller of the City and County of San Francisco, etc., Appellant.

John J. O'Toole, City Attorney, Frank L. Fenton, Vincent W. Hallinan, C. K. Bonestell, W. Earl Shafer, James J. Roach, and Michael Riordan, for Appellant.

M. James McGranaghan for Respondent.

THE COURT.—A hearing was granted in this case after decision by the District Court of Appeal, First Appellate District, Division Two. Upon further consideration, we conclude that the decision is correct, and we adopt the opinion of Mr. Justice Spence as the opinion of this court. The said opinion reads as follows:

"Plaintiff, a taxpayer, sought to enjoin the defendant Auditor from allowing the demands of certain persons against the city and county of San Francisco. From a judgment in favor of plaintiff, defendant appeals.

"From the agreed statement of facts it appears that on March 3, 1930, said city and county of San Francisco acquired all of the operative properties of the Spring Valley Water

Company; that at said time the persons referred to were in the employ of said Spring Valley Water Company; that upon taking over the properties of said company said persons were taken into the employ of said city and county of San Francisco and continued in said employment during the period in question; and that said persons were not and are not citizens of the United States.

■ ''The question here presented arises under the provisions of article XVI, section 2, of the charter of San Francisco, as amended in 1913. (Stats. 1913, p. 1602.) We quote only the following pertinent portion: 'All persons appointed to office, position or employment under the City and County must be citizens of the United States, . . . '

''Appellant contends that said charter provision had no application to the persons named in the complaint as said persons were not 'appointed' to any employment under the said city and county. In our opinion this contention is without merit. The obvious purpose of the section was to prohibit the employment of aliens by the city and county. The retention of said persons in their former employment was in effect an appointment within the meaning of the section and the city and county could not do indirectly that which it could not do directly. ■ Appellant urges that the charter should be considered as a whole and refers to article XIII, section 11, subdivision B thereof, reading: 'The following persons securing standing on the eligible list in examinations shall be preferred for appointment: . . . 2. Persons employed in the operating service of any public utility acquired by the city. . . . ' But the last-quoted portion of the charter does not in any way purport to modify the provisions of article XVI, section 2, and cannot be construed to have that effect.

■ ''Appellant further contends that as said persons were not discharged, the city and county was estopped to refuse payment for their services. We believe that this contention is likewise without merit. The aliens formerly employed by the water company could not claim the benefit of the doctrine of estoppel by failing to disclose their ineligibility and continuing in the employment.''

The judgment is affirmed.